The Honorable R. Gunner DeLay State Representative 2525 Rogers Avenue Fort Smith, Arkansas 72901
Dear Representative DeLay:
This is in response to your request for an opinion on the following two questions:
 1. Is the procedure being utilized by Governor Tucker to call a constitutional convention legal under existing law?
 2. If the procedure is illegal, would you please state your opinion as to the proper process that should be followed for adopting a new state constitution?
The answer to your first question is, under "existing law," "no." The procedure for calling and conducting a constitutional convention is currently set out at A.C.A. §§ 7-9-301 to -312. This subchapter provides for the electorate to vote on the question of calling a constitutional convention, to elect delegates, and to ratify or reject the proposed constitutional, each at a general election. Although there is no written "plan" or "procedure" that can be referenced to determine exactly what will take place with regard to the Governor's efforts,[1] it would appear that there will be some divergence from the statutory requirements above. It is my understanding, however, that the Governor contemplates calling a special session of the legislature in order to change the statutory laws cited above. If new laws are enacted, they will, of course, be the governing law on the subject unless a successful challenge can be made to their constitutionality. It is impossible for me to analyze the constitutionality of hypothetical and undefined laws. I have enclosed for your review, however, a copy of Op. Att'y Gen. 95-022, previously issued by this office, which discusses the constitutionality of the legislature calling a constitutional convention without a vote of the people, the appointment rather than the election of delegates, and the holding of votes related to these issues at special rather than general elections. That opinion concludes, in the absence of any controlling precedent in the area, that these issues are ones which will ultimately have to be decided by a court presented with all the facts. The opinion does set out the most pertinent Arkansas law on point, and discusses the law of other jurisdictions relating to similar questions.
In response to your second question, the current law governing the calling and conducting of constitutional conventions is A.C.A. §§7-9-301—312. These statutes are entitled to a presumption of constitutionality, and in my opinion, do not suffer from any apparent constitutional infirmities.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Senate Concurrent Resolution 11 of the 80th General Assembly requested the Governor to prepare a working draft of a proposed new constitution of the State of Arkansas and to submit the draft to the General Assembly for review and comment. In an effort to comply with this request, the Governor informally created the "Governor's Task Force for a New Constitution." Act 1141 of 1995 appropriated the sum of $100,000 to the Office of the Governor, to be used for the costs of research and preparing working drafts of proposed revisions of the Arkansas Constitution. See Op. Att'y Gen. 95-128. These are the only legal provisions relating to the Governor's plan. There is no formal document, or any document, of which I am aware, which indicates exactly what the Governor's plan is for the calling, establishing, and conducting of the constitutional convention.